IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FOUR WINDS BEHAVIORAL HEALTH, INC.,

    Plaintiff-Appellant,

vs.                                                              1:23-cv-00984-JHR-LF

UNITED STATES SMALL BUSINESS
ADMINISTRATION,

    Defendant-Appellee.

## ORDER ALLOWING THIRTY-DAY EXTENSION

THIS MATTER comes before the Court on Plaintiff-Appellant's counsel Henry Klein's Response to Order, filed January 12, 2024.  Doc. 5.  For the reasons discussed below, the Court will allow Mr. Klein an additional thirty days to either secure his reinstatement to practice before the United States District Court for the District of New Mexico, or to comply with the Court's Order Regarding Order of Suspension and file a motion to withdraw pursuant to D.N.M.LR-Civ. 83.8.

On December 12, 2023, the Court entered an Order of Suspension in *In Re: Henry L. Klein*, No. 1:23-mc-00034-WJ (Doc. 14).  In that order, Chief United States District Court Judge William P. Johnson ordered that Mr. Klein, "is **INDEFINITELY SUSPENDED** from practice before the United States District Court for the District of New Mexico, effective from the date of this Order," and **DENIED** Mr. Klein's Motion for Relief from Rule of Good Standing.  USDC 1:23-mc-00034-WJ, Doc. 14 at 12 (emphasis in original).  The Court further ordered that the judges presiding over any pending cases in which Mr. Klein is counsel of record "may allow [Mr. Klein] to continue to appear for whatever time they deem appropriate so as not to prejudice [Mr. Klein's] clients." *Id.*

With that in mind and pursuant to Local Rule 83.8, on December 13, 2023, I entered an Order Regarding Order of Suspension, directing Mr. Klein to move to withdraw from this action within thirty (30) days.  Doc. 4.  I warned Mr. Klein that his failure to comply with the Order could result in dismissal of this action without prejudice.  *Id.* at 2.

On January 12, 2024, Mr. Klein filed his response to the Court's order which contains in large part explanation extraneous to the issue at hand, *i.e.,* the necessity of licensed counsel to represent Plaintiff-Appellant Four Winds Behavioral Health, Inc., in the orderly and efficient prosecution of this case.[1]  Doc. 5.  That aside, Mr. Klein requests a "respite of thirty days" to allow for further development of his request for reinstatement.  *Id.* at 4.  On January 16, 2024, Mr. Klein filed a Notice of Intent to Seek Reinstatement.  Doc. 7.

In the Order Regarding Order of Suspension, the Court recited the requirements of D.N.M.LR-Civ. 83.8, which requires that corporations, like Four Winds Behavioral Health, Inc., have legal representation to appear in this Court.  *See* Doc. 4 at 2.  The local rule further warns that absent legal representation, any filings made by a corporation may be stricken, and default judgment or other sanctions could be imposed.  *See* D.N.M.LR-Civ. 83.8(c).  Thus, the local rule makes clear that the advancement of this case requires a licensed attorney to represent Four Winds Behavioral Health, Inc.

Additionally, under Fed. R. Civ. P. 41(b), the Court may dismiss an action, *sua sponte*, if "the plaintiff fails to prosecute or to comply with . . . a court order."  Fed. R. Civ. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (holding that despite Rule 41(b)'s reference to a defendant's motion, "the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders").  "The 'authority of a court to dismiss *sua sponte* for lack of prosecution has

---

[1] On January 13, 2024, Mr. Klein filed a Supplement to Response to Order.  Doc. 6.

generally been considered an inherent power, governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  "The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources." *Id.* at 856.

The Court will give Mr. Klein an additional thirty days in which to pursue reinstatement. To be clear, however, this additional time is not for the sake of merely initiating proceedings for reinstatement or for positing that reinstatement is assuredly forthcoming.  Nor is the additional time an invitation for more extraneous explanation regarding Mr. Klein's underlying suspension and related proceedings, or for more requests for extensions of time to comply with the Court's Order Regarding Order for Suspension.  The thirty-day extension is just that—thirty days.

IT IS THEREFORE ORDERED that Mr. Klein either must secure his reinstatement to practice before the United States District Court for the District of New Mexico and notify this Court accordingly, or he must file a motion to withdraw pursuant to D.N.M.LR-Civ. 83.8 in compliance with the Court's Order Regarding Order for Suspension (Doc. 4) no later than **Friday, February 16, 2024**.  **No further extensions will be allowed.**  Mr. Klein's failure to comply with this Order may result in the dismissal of this action without prejudice.

_____
Laura Fashing
United States Magistrate Judge