# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FOUR WINDS BEHAVIORAL HEALTH, INC.,

    Plaintiff,

v.                                                                                      No. 1:23-cv-00984-MIS-LF

UNITED STATES SMALL BUSINESS
ADMINISTRATION,

    Defendant.

## ORDER DISMISSING CASE WITHOUT PREJUDICE

This matter is before the Court *sua sponte* upon a review of the record. Upon due consideration of the record and the relevant law, the Court will **DISMISS** this case without prejudice.

### I.   BACKGROUND

On December 12, 2023, Plaintiff's attorney, Henry Klein, was indefinitely suspended from the practice of law in the District of New Mexico. *See In Re: Henry L. Klein*, No. 1:23-mc-00034-WJ, Doc. 14 ("Suspension Order"). The Suspension Order permitted "[t]he Judges presiding over [Mr. Klein's] cases" in the District of New Mexico to "allow him to continue to appear for whatever time they deem appropriate so as not to prejudice his clients." *Id*. at 12.

Following the issuance of the Suspension Order, Magistrate Judge Laura L. Fashing of the District of New Mexico issued an Order on December 13, 2023, requiring Mr. Klein to withdraw from the instant matter within 30 days pursuant to D.N.M.LR-Civ. 83.8. *See* ECF No. 4. In that Order, Judge Fashing warned Mr. Klein that "Plaintiff's counsel's failure to comply with this Order could result i[n] dismissal of this action without prejudice." *Id*. at 2. On January

12, 2024, Mr. Klein sought a thirty-day extension, which was granted on January 17, 2024. *See* ECF Nos. 5, 8. In granting that extension, Judge Fashing gave Mr. Klein until February 16, 2024, to comply with the court's order to withdraw, and reiterated that Mr. Klein's failure to secure a new attorney for Plaintiff may result in the dismissal of this action without prejudice. ECF No. 8 at 3.

On February 13, 2024, Mr. Klein sought another stay—this time, extending through the resolution of Mr. Klein's petition of certiorari to the United States Supreme Court as to his underlying disciplinary proceedings. ECF No. 9. That request was denied on February 14, 2024. ECF No. 11 at 3.

In addition to this case, Mr. Klein is pursuing litigation in the District of New Mexico in a case before Magistrate Judge John F. Robbenhaar. *See In House Convenience*, *LLC*, *v. United States of America*, No. 1:23-cv-00985-JB-JFR. In *In House Convenience*, Judge Robbenhaar had similarly ordered Mr. Klein to withdraw as Plaintiff's attorney; granted an initial stay of that order; and denied Mr. Klein's subsequent request for another stay. *See id.* Docs. 4, 9, 12.

On February 15, 2024, Mr. Klein filed what he termed a "Notice of Appeal" regarding Judge Robbenhaar's rulings in that case on the docket of *another* case—namely, the case covering his original suspension proceedings. No. 1:23-mc-00034-WJ, Doc. 20. While styled as a "Notice of Appeal," the Court construes that filing as consisting of objections to Judge Robbenhaar's orders made pursuant to Federal Rule of Civil Procedure 72(a) (given Mr. Klein's express reference to Rule 72(a) in the body of his attached filing, No. 1:23-mc-00034-WJ, Doc. 20-1).

Notably, however, Mr. Klein did not object to Judge Fashing's denial of a stay in the *instant* case within the 14-day period provided by Federal Rule of Civil Procedure 72(a). Nor has

Mr. Klein withdrawn as Plaintiff's attorney, as he was ordered to do no later than February 16, 2024. ECF No. 8 at 3.

## II.  ANALYSIS

As aptly put by Judge Fashing:

> D.N.M.LR-Civ. 83.8 . . . requires that corporations, like [Plaintiff], have legal representation to appear in this Court . . . . The local rule further warns that absent legal representation, any filings made by a corporation may be stricken, and default judgment or other sanctions could be imposed. *See* D.N.M.LR-Civ. 83.8(c). Thus, the local rule makes clear that the advancement of this case requires a licensed attorney to represent [Plaintiff].
> 
> Additionally, under Fed. R. Civ. P. 41(b), the Court may dismiss an action, *sua sponte*, if "the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (holding that despite Rule 41(b)'s reference to a defendant's motion, "the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders"). "The 'authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). "The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources." *Id*. at 856.

ECF No. 8 at 2, 3.

Mr. Klein's refusal to abide by court orders—despite repeatedly being informed of the potential consequences—necessitates that this Court act. And even while this Court may dismiss the pending action without prejudice "without attention to any particular procedures[,]" *Nasious v. Two Unknown B.I.C.E. Agents*, *at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007) (citation omitted), the Court finds that Mr. Klein's failure to withdraw and allow Plaintiff the opportunity to obtain counsel capable of appearing before the Court does both Plaintiff and this Court a disservice. And while Mr.

Klein has attached various filings regarding his pending petitions before the Supreme Court regarding writs of mandamus and applications for a stay in the period following February 16, 2024, *see* ECF Nos. 16-18, the Court finds that none of Mr. Klein's filings demonstrate a likelihood of success or mitigate his obligation to withdraw.

### III.   CONCLUSION

For the foregoing reasons, it is **HEREBY ORDERED** that this case is **DISMISSED without prejudice**.

*/s/ Margaret Strickland*
_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE